Submitted January 31; jurisdictional judgments reversed and remanded for entry of judgments establishing dependency jurisdiction based on allegations other than 2(j) and 2(q), otherwise affirmed May 10, 2017

In the Matter of E. Y.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. A. S.
and J. C. Y.,
*Appellants.*

Clackamas County Circuit Court
16JU02643; A162995 (Control)

In the Matter of J. Y.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. A. S.
and J. C. Y.,
*Appellants.*

Clackamas County Circuit Court
16JU02645; A162996

396 P3d 293

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant J. C. Y.

Jennifer R. Schemm filed the brief for appellant S. A. S.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**PER CURIAM**

In this consolidated juvenile dependency appeal, mother and father appeal judgments asserting jurisdiction over their children, E and Y. As to mother, the juvenile court determined that the Department of Human Services (DHS) proved numerous allegations that mother's mental health, substance abuse, and neglect created a risk of harm to the children. As to father, he admitted that jurisdiction was appropriate because he was incarcerated and therefore unavailable to be a custodial resource. However, he disputed DHS's allegation 2(q) that his "substance abuse involvement, without treatment, interferes with his ability to safely parent the child." The juvenile court determined that DHS proved the substance abuse allegation and took jurisdiction based on that allegation and father's admission that his incarceration made him unavailable.

On appeal, mother asserts that the evidence was insufficient to establish that her behavior "threatens her children with serious injury or loss." In doing so, she challenges several of the allegations on which the court based jurisdiction. With the exception of allegation 2(j) ("Despite having participated in services designed to improve mother's parenting skills, she is unable to safely parent the [children]."), we reject mother's assignments of error without further discussion. As to allegation 2(j), DHS concedes that the court erred by asserting jurisdiction on that basis. We agree, accept DHS's concession, and reverse and remand the jurisdictional judgments for entry of judgments establishing jurisdiction based on allegations other than 2(j).

Father asserts that the court erred by taking jurisdiction based on his "substance abuse involvement." DHS concedes that the court erred by asserting jurisdiction on that basis. We agree, accept DHS's concession, and reverse and remand the jurisdictional judgments for entry of judgments establishing jurisdiction based on allegations other than 2(q).

Jurisdictional judgments reversed and remanded for entry of judgments establishing dependency jurisdiction based on allegations other than 2(j) and 2(q); otherwise affirmed.